**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Theodore J. Hogan & Associates LLC; Theodore J. Hogan; Christina L. Damitio, <br><br> Plaintiffs, <br><br> vs. <br><br> Arizona Corporation Commission; John Curtis Bradshaw; Ronald Baran; Melissa D. Deegan; Elaine Roulidis; Lyle Rogers; United States of America, <br><br> Defendants. | No. CV 11-01530-PHX-FJM <br><br> **ORDER** |

The court has before it defendant United States of America's motion to dismiss for lack of jurisdiction (doc. 9), plaintiffs' motion to dismiss defendant Waller (doc. 10), plaintiffs' motion to remand to state court (doc. 11), and the United States of America's response to plaintiffs' motions (doc. 12). The remaining defendants did not respond.

Plaintiffs originally brought this appeal of an administrative decision by the Arizona Corporation Commission in the Superior Court of Arizona in Cococino County. Plaintiffs contend that there were irregularities in the administrative proceedings, the administrative law judge improperly admitted evidence, and excessive penalties were incorrectly computed. The action was transferred to the Superior Court of Arizona in Maricopa County in June 2011. Joseph Dale Waller, named in the original complaint as a defendant, was served on

July 5, 2011. Waller removed the case to federal court on August 4, 2011 (doc. 1), pursuant to 28 U.S.C. § 1442(a)(1). On August 12, 2011, the United States gave notice to substitute itself as defendant for defendant Waller (doc. 7). Plaintiffs' filed a motion to dismiss defendant Waller on August 16, 2011, indicating that discovery had shown that Waller was not a proper defendant to this action (doc. 10).

As the United States substituted itself as the defendant for Waller, the United States now requests that we dismiss plaintiffs' complaint against the United States. As both plaintiffs and the United States agree that the United States is not a proper party, we dismiss all claims against defendant United States of America.

With the United States dismissed from this action, plaintiffs now seek remand to state court, arguing that no federal question remains. The United States concurs that the action should be remanded to the Superior Court of Arizona in Maricopa County upon dismissal of the case against the United States. Once we dismiss all claims over which we had original jurisdiction, we may decline to exercise supplemental jurisdiction over state law claims. 28 U.S.C. § 1367(c)(3). In the ordinary case where all federal-law claims are dismissed, "the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir. 2010) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 619 n.7 (1988)). We find that the balance of factors in this case points towards declining to adjudicate plaintiffs' state administrative law claims.

**IT IS ORDERED GRANTING** the United States of America's motion to dismiss (doc. 9).

**IT IS ORDERED DENYING** plaintiffs' motion to dismiss defendant Waller (substituted by the United States) on grounds of mootness (doc. 10).

**IT IS ORDERED GRANTING** plaintiffs' motion to remand (doc. 11).

The clerk shall remand the remainder of this action to the Superior Court of Arizona in Maricopa County.

1       The court notes for action by the state court that an LLC cannot represent itself but must be represented by counsel.

DATED this 4th day of October, 2011.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge